# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
_____

ANNA B. REYES and SALLY B. REYES,                    INDEX NO.

Plaintiffs,                          Plaintiff designates New York
                                                     County as the place of trial.
-against-

                                                     **S U M M O N S**

THE CITY OF NEW YORK, THE PORT AUTHORITY OF NEW      The basis of venue is
YORK AND NEW JERSEY and THE PORT AUTHORITY OF        the County in which the
NEW YORK AND NEW JERSEY POLICE DEPARTMENT,           cause of action arose

Defendants.
_____

### To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to

serve a copy of your answer on the Plaintiff's attorneys within twenty [20] days after the

service of this summons, exclusive of the day of service of this summons, or within thirty [30]

days after service of this summons is complete if this summons is not personally delivered to

you within the State of New York.

In case of your failure to answer this summons, a judgment by default will be taken

against you for the relief demanded in the complaint, together with the costs of this action.

Dated: Great Neck, New York
       September 3, 2021

                              By: Nissim Abaev, Esq.
                              **ABAEV LAW FIRM, PLLC**
                              Attorneys for Plaintiffs
                              **ANNA B. REYES and SALLY B.**
                              **REYES**
                              1 Linden Place, Suite #405
                              Great Neck, New York 11021
                              (718) 207-7671

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 09/03/2021

**DEFENDANTS**:

**THE CITY OF NEW YORK**
100 Church Street
New York, New York 10007

**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY**
4 World Trade Center
150 Greenwich Street
New York, New York 10007

**THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE
DEPARTMENT**
4 World Trade Center
150 Greenwich Street
New York, New York 10007

Case 1:21-cv-08551-JMF   Document 1-1   Filed 10/18/21   Page 4 of 34

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PORT AUTHORITY
OFFICE OF THE SECRETARY & NJ

2021 SEP 21 A 9: 27

INDEX NO._____

---

ANNA B. REYES and SALLY B. REYES,

     Plaintiffs,

    -against-

THE CITY OF NEW YORK, THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY and THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY POLICE DEPARTMENT,

     Defendants.

---

**VERIFIED COMPLAINT**

    Plaintiffs, **ANNA B. REYES and SALLY B. REYES**, by their attorneys, **ABAEV LAW FIRM, PLLC**, as and for their Verified Complaint, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT THE CITY OF NEW YORK

1. The Plaintiff, ANNA B. REYES, at all times herein mentioned was and still is a resident of the County of Bronx, and the State of New York.

2. The Plaintiff, SALLY B. REYES, at all times herein mentioned was and still is a resident of the County of New York, and the State of New York.

3. At all times herein mentioned, Defendant, THE CITY OF NEW YORK, was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

4.    Within ninety days (90) of the occurrence herein, a notice of claim in writing was served on behalf of, ANNA B. REYES and SALLY B. REYES, upon THE CITY OF NEW YORK, upon THE CITY OF NEW YORK in accordance with Section 50-e of the General Municipal Law.

5.    Within ninety days (90) of disposition of December 5, 2020, a notice of claim in writing was served on behalf of ANNA B. REYES and SALLY B. REYES, upon THE CITY OF NEW YORK in accordance with Section 50-e of the General Municipal Law.

6.    Prior to the commencement of this action, notice of the intention of Plaintiffs, ANNA B. REYES and SALLY B. REYES, to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by applicable law to adjust such claims, was served by Plaintiffs upon the Defendant, THE CITY OF NEW YORK.

7.    Although more than thirty (30) days have elapsed since service of such notice of claim, THE CITY OF NEW YORK, neglected and has refused to pay said claim or adjust same.

8.    A hearing pursuant to General Municipal Law 50-h has been held on May 10, 2021 for plaintiff SALLY B. REYES.

9.    A hearing pursuant to General Municipal Law 50-h has been held on May 24, 2021 for plaintiff ANNA B. REYES.

10.    This action is commenced within one (1) year and ninety (90) days from the December 5, 2020, the date of the wrongful arrest and assault as herein set forth occurred.

11.    On or about December 5, 2020, Defendant, THE CITY OF NEW YORK, their agents, servants and/or employees, acts caused Plaintiffs, ANNA B. REYES and SALLY B. REYES, to apprehend and/or fear unfriendly contact.

12.    On or about December 5, 2020, a reasonable person in the same circumstances as Plaintiffs, ANNA B. REYES and SALLY B. REYES, would have apprehended and/or feared unfriendly contact.

13.    On or about December 5, 2020, the Defendant, THE CITY OF NEW YORK, their agents, servants and/or employees, assaulted Plaintiffs, ANNA B. REYES and SALLY B. REYES.

14.    On or about December 5, 2020, Defendant, THE CITY OF NEW YORK, their agents, servants and/or employees' acts were intended to make contact with Plaintiffs, ANNA B. REYES and SALLY B. REYES.

15.    On or about December 5, 2020, Defendants, THE CITY OF NEW YORK, their agents, servants and/or employees made contact with Plaintiffs, ANNA B. REYES and SALLY B. REYES.

16.    On or about December 5, 2020, Defendant, THE CITY OF NEW YORK, their agents, servants and/or employees, battered Plaintiffs, ANNA B. REYES and SALLY B. REYES.

17.    On or about December 5, 2020, Defendant, THE CITY OF NEW YORK, their agents, servants and/or employees, negligently and intentionally battered Plaintiffs, ANNA B. REYES and SALLY B. REYES.

18.    Plaintiffs, ANNA B. REYES and SALLY B. REYES, thereby were caused to be seriously physically injured due to the negligent and intentional acts of the Defendants, THE CITY OF NEW YORK, herein, on December 5, 2020.

19.    Plaintiffs, ANNA B. REYES and SALLY B. REYES, were thereby caused to be seriously physically injured due to the negligent and intentional acts of the Defendant, THE CITY OF NEW YORK, herein, on December 5, 2020.

20.    That the aforesaid conduct on the part of the Defendant, THE CITY OF NEW YORK, constituted a violation of the Plaintiffs, ANNA B. REYES and SALLY B. REYES, civil rights under 42 USC 1983 in that the Plaintiffs were deprived of her rights, privileges and immunities secured to her by the Constitution and laws of the U.S.A. and the New York State Constitution by one who under color of a statute or regulation of a state, caused the Plaintiffs to be so deprived.

21.     That the aforesaid abuse of process on the Plaintiffs, ANNA B. REYES and SALLY B. REYES, by the Defendant, THE CITY OF NEW YORK, and the subsequent false arrest and imprisonment of the Plaintiffs by the Defendant, THE CITY OF NEW YORK, deprived the Plaintiffs of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of the Plaintiffs under the Fourth Amendment to the United States Constitution.

22.     On or about December 5, 2020, and at all times herein mentioned, Defendant, herein, THE CITY OF NEW YORK, wrongfully and maliciously and with intent to injure Plaintiffs, prosecuted criminal actions against the Plaintiffs, ANNA B. REYES and SALLY B. REYES.

23.     By reason of the foregoing abuse of process Plaintiffs, ANNA B. REYES and SALLY B. REYES, were deprived of their liberty, suffered pain and distress of mind and body and sustained significant emotional pain and suffering and were compelled to employ an attorney.

24.     On or about December 5, 2020, the Plaintiffs ANNA B. REYES and SALLY B. REYES were wrongfully arrested and wrongfully imprisoned by the Defendant THE CITY OF NEW YORK.

25.     On or about December 5, 2020, Plaintiffs ANNA B. REYES and SALLY B. REYES, were maliciously and without probable reason or cause, inculpated in criminal actions in which they did not participate, by the Defendant THE CITY OF NEW YORK.

26.     On or about December 5, 2020, the Defendant THE CITY OF NEW YORK, maliciously instituted judicial proceedings without probable cause for doing so, which forced Plaintiffs ANNA B. REYES and SALLY B. REYES to expend money and retain an attorney for the scheduled Court hearings.

27.     The charges by the Defendant THE CITY OF NEW YORK were lodged against the Plaintiffs ANNA B. REYES and SALLY B. REYES without probable cause or justification, and were designed to harass and intimidate the Plaintiffs, to cause the Plaintiffs

to expend great sums of money for his defense, to embarrass the Plaintiffs in their community, and among his friends and relatives, employer, and co-employees, and to subject Plaintiffs to a possible term of imprisonment.

28. The Defendant THE CITY OF NEW YORK conduct constituted malicious prosecution on the part of the Defendant against the Plaintiffs, and their malicious prosecution has caused the Plaintiffs to undergo extreme mental pain and anguish, humiliation, and damage to their reputation.

29. By reason of the wrong arrest, Plaintiffs ANNA B. REYES and SALLY B. REYES, were deprived of their liberty and was subjected to scorn and ridicule. Plaintiff suffered pain and distress of mind and body and sustained significant emotional pain and suffering. Plaintiffs suffered shock and embarrassment. Plaintiff were arrested, detained, fingerprinted, photographed, and were required to spend large sums of money to defend themselves against the prosecution in the New York State Criminal Court, and in the proceeding before the State. Plaintiffs suffered losses and was degraded in the esteem of the community.

30. That the Defendant THE CITY OF NEW YORK's conduct was willful, wanton, reckless, malicious and/or exhibited a gross indifference to, and a callous disregard for human life, safety and the rights of others, and more particularly, the rights, life and safety of Plaintiffs ANNA B. REYES and SALLY B. REYES as a result of the Defendants' malicious prosecution.

31.     The above acts constituted reckless, wanton misconduct and were willfully and maliciously directed against the Plaintiffs, ANNA B. REYES and SALLY B. REYES.

32.     On or about December 5, 2020, and at all times herein mentioned, Defendant, THE CITY OF NEW YORK, their agents, servants and/or employees, NYC Police Department and NYC Department of Correction, were malicious, negligent, careless and reckless in the investigation, arrest, charging, and prosecution of Plaintiffs, ANNA B. REYES and SALLY B. REYES; Defendant, THE CITY OF NEW YORK, their agents, servants and/or employees were malicious, negligent, careless and reckless in that Plaintiffs, ANNA B. REYES and SALLY B. REYES, were not guilty of the alleged crime, and at the time of their arrest, Plaintiffs, ANNA B. REYES and SALLY B. REYES, were good citizens and respected by their neighbors. The charges made by the Defendant, THE CITY OF NEW YORK, their agents, servants and/or employees and the arrest and imprisonment were made and caused by the Defendant, THE CITY OF NEW YORK, without any probable cause to suspect that Plaintiffs, ANNA B. REYES and SALLY B. REYES, of the alleged crime, and the arrests and detentions were malicious and unlawful. The Plaintiffs, ANNA B. REYES and SALLY B. REYES, were caused to be injured without culpable conduct on their part.

33.     On or about December 5, 2020, and at all times herein mentioned, Defendants THE CITY OF NEW YORK intentionally and deliberately inflicted emotional distress on Plaintiffs, ANNA B. REYES and SALLY B. REYES by maliciously prosecuting plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiffs' constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against Plaintiffs, or by interfering with Plaintiffs' state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of the conduct.

34.     Defendants, THE CITY OF NEW YORK, conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

35. The actions of the Defendant, THE CITY OF NEW YORK, were the cause of Plaintiffs' ANNA B. REYES and SALLY B. REYES, distress.

36. The emotional distress sustained by Plaintiffs, ANNA B. REYES and SALLY B. REYES, was severe and of a nature that no reasonable man could be expected to endure. (Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976).

37. As a result of the Defendants' THE CITY OF NEW YORK, extreme and outrageous conduct, Plaintiffs, ANNA B. REYES and SALLY B. REYES, were/are with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion. ("Extreme and outrages conduct is not required if the emotional distress resulted from the commission of another tort." *American Velodur Metal, Inc. v. Schinabek.* 20 Mass.App.Ct. 460, 470-471 (1985).

38. Defendant, THE CITY OF NEW YORK, is liable under the doctrine of *respondent superior.*

39. Due to Defendants' THE CITY OF NEW YORK, assault, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages.

40. Due to Defendants' THE CITY OF NEW YORK, negligence, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

41. The Plaintiffs, ANNA B. REYES and SALLY B. REYES, because of the foregoing reckless and malicious actions, is entitled to exemplary or punitive damages against the Defendants, THE CITY OF NEW YORK, in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

42. This action falls within one or more of the exceptions set forth in CPLR §1602.

43. Due to Defendants' assault, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE DEFENDANT
## THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

44.  Plaintiffs repeats and realleges each and every allegation contained in the above paragraphs of the Complaint as if fully set forth at length herein.

45.  At all times herein mentioned, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY is, and was, a Public Agency organized and existing under the laws of the State of New York.

46.  At all times herein mentioned, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, is, and was, a Bi-State Agency organized and existing under the laws of the State of New York.

47.  At all times herein mentioned, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, is, and was, a Bi-State Agency organized and existing under the laws of a Bi-State Compact between the State of New York and the State of New Jersey.

48.  This Court has venue over this action pursuant to §7106 of the McKinney's Uncons. Laws of NY.

49.  Prior to the commencement of this action, a Notice of Claim in writing was served by Plaintiffs, ANNA B. REYES and SALLY B. REYES, presented a claim for injuries and property damage to Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY.

50.  More than sixty (60) days have elapsed since the service of the Notices of Claim and the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, has not adjusted and failed, neglected and/or refused to make payment for such claim.

51.  More than one hundred and twenty (120) days have elapsed since the service of the Notices of Claim and the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, has failed, neglected and/or refused to notice Plaintiffs for a statutory hearing.

52. On or about December 5, 2020, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, their agents, servants and/or employees, acts caused Plaintiffs, ANNA B. REYES and SALLY B. REYES, to apprehend and/or fear unfriendly contact.

53. On or about December 5, 2020, a reasonable person in the same circumstances as Plaintiffs, ANNA B. REYES and SALLY B. REYES, would have apprehended and/or feared unfriendly contact.

54. On or about December 5, 2020, the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, their agents, servants and/or employees, assaulted Plaintiffs, ANNA B. REYES and SALLY B. REYES.

55. On or about December 5, 2020, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, their agents, servants and/or employees' acts were intended to make contact with Plaintiffs, ANNA B. REYES and SALLY B. REYES.

56. On or about December 5, 2020, Defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, their agents, servants and/or employees made contact with Plaintiffs, ANNA B. REYES and SALLY B. REYES.

57. On or about December 5, 2020, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, their agents, servants and/or employees, battered Plaintiffs, ANNA B. REYES and SALLY B. REYES.

58. On or about December 5, 2020, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, their agents, servants and/or employees, negligently and intentionally battered Plaintiffs, ANNA B. REYES and SALLY B. REYES.

59. Plaintiffs, ANNA B. REYES and SALLY B. REYES, thereby were caused to be seriously physically injured due to the negligent and intentional acts of the Defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, herein, on December 5, 2020.

60. Plaintiffs, ANNA B. REYES and SALLY B. REYES, were thereby caused to be seriously physically injured due to the negligent and intentional acts of the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, herein, on December 5, 2020.

61. That the aforesaid conduct on the part of the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, constituted a violation of the Plaintiffs, ANNA B. REYES and SALLY B. REYES, civil rights under 42 USC 1983 in that the Plaintiffs were deprived of her rights, privileges and immunities secured to her by the Constitution and laws of the U.S.A. and the New York State Constitution by one who under color of a statute or regulation of a state, caused the Plaintiffs to be so deprived.

62. That the aforesaid abuse of process on the Plaintiffs, ANNA B. REYES and SALLY B. REYES, by the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, and the subsequent false arrest and imprisonment of the Plaintiffs by the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, deprived the Plaintiffs of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of the Plaintiffs under the Fourth Amendment to the United States Constitution.

63. On or about December 5, 2020, and at all times herein mentioned, Defendant, herein, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, wrongfully and maliciously and with intent to injure Plaintiffs, prosecuted criminal actions against the Plaintiffs, ANNA B. REYES and SALLY B. REYES.

64. By reason of the foregoing abuse of process Plaintiffs, ANNA B. REYES and SALLY B. REYES, were deprived of their liberty, suffered pain and distress of mind and body and sustained significant emotional pain and suffering and were compelled to employ an attorney.

65. On or about December 5, 2020, the Plaintiffs ANNA B. REYES and SALLY B. REYES were wrongfully arrested and wrongfully imprisoned by the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY.

66. On or about December 5, 2020, Plaintiffs ANNA B. REYES and SALLY B. REYES, were maliciously and without probable reason or cause, inculpated in criminal actions in which they did not participate, by the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY.

67. On or about December 5, 2020, the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, maliciously instituted judicial proceedings without probable cause for doing so, which forced Plaintiffs ANNA B. REYES and SALLY B. REYES to expend money and retain an attorney for the scheduled Court hearings.

68. The charges by the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY were lodged against the Plaintiffs ANNA B. REYES and SALLY B. REYES without probable cause or justification, and were designed to harass and intimidate the Plaintiffs, to cause the Plaintiffs to expend great sums of money for his defense, to embarrass the Plaintiffs in their community, and among his friends and relatives, employer, and co-employees, and to subject Plaintiffs to a possible term of imprisonment.

69. The Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY conduct constituted malicious prosecution on the part of the Defendant against the Plaintiffs, and their malicious prosecution has caused the Plaintiffs to undergo extreme mental pain and anguish, humiliation, and damage to their reputation.

70. By reason of the wrong arrest, Plaintiffs ANNA B. REYES and SALLY B. REYES, were deprived of their liberty and was subjected to scorn and ridicule. Plaintiff suffered pain and distress of mind and body and sustained significant emotional pain and suffering. Plaintiffs suffered shock and embarrassment. Plaintiff were arrested, detained, fingerprinted, photographed, and were required to spend large sums of money to defend themselves against the prosecution in the New York State Criminal Court, and in the proceeding before the State. Plaintiffs suffered losses and was degraded in the esteem of the community.

71. That the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY's conduct was willful, wanton, reckless, malicious and/or exhibited a gross indifference to, and a callous disregard for human life, safety and the rights of others, and more particularly, the rights, life and safety of Plaintiffs ANNA B. REYES and SALLY B. REYES as a result of the Defendants' malicious prosecution.

72. The above acts constituted reckless, wanton misconduct and were willfully and maliciously directed against the Plaintiffs, ANNA B. REYES and SALLY B. REYES.

73. On or about December 5, 2020, and at all times herein mentioned, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, their agents, servants and/or employees, were malicious, negligent, careless and reckless in the investigation, arrest, charging, and prosecution of Plaintiffs, ANNA B. REYES and SALLY B. REYES; Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, their agents, servants

and/or employees were malicious, negligent, careless and reckless in that Plaintiffs, ANNA B. REYES and SALLY B. REYES, were not guilty of the alleged crime, and at the time of their arrest, Plaintiffs, ANNA B. REYES and SALLY B. REYES, were good citizens and respected by their neighbors. The charges made by the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, their agents, servants and/or employees and the arrest and imprisonment were made and caused by the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, without any probable cause to suspect that Plaintiffs, ANNA B. REYES and SALLY B. REYES, of the alleged crime, and the arrests and detentions were malicious and unlawful. The Plaintiffs, ANNA B. REYES and SALLY B. REYES, were caused to be injured without culpable conduct on their part.

74. On or about December 5, 2020, and at all times herein mentioned, Defendants THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY intentionally and deliberately inflicted emotional distress on Plaintiffs, ANNA B. REYES and SALLY B. REYES by maliciously prosecuting plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiffs' constitutional rights, or by falsely arresting and imprisoning the plaintiff, by conspiring against Plaintiffs, or by interfering with Plaintiffs' state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of the conduct.

75. Defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

76. The actions of the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, were the cause of Plaintiffs' ANNA B. REYES and SALLY B. REYES, distress.

77. The emotional distress sustained by Plaintiffs, ANNA B. REYES and SALLY B. REYES, was severe and of a nature that no reasonable man could be expected to endure. (Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976).

78. As a result of the Defendants' THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, extreme and outrageous conduct, Plaintiffs, ANNA B. REYES and SALLY B. REYES, were/are with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion. ("Extreme and outrages conduct is not required if the emotional distress resulted from the commission of another tort." *American Velodur Metal, Inc. v. Schinabek.* 20 Mass.App.Ct. 460, 470-471 (1985).

79. Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, is liable under the doctrine of *respondent superior*.

80. Due to Defendants' THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, assault, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages.

81. Due to Defendants' THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, negligence, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

82. The Plaintiffs, ANNA B. REYES and SALLY B. REYES, because of the foregoing reckless and malicious actions, is entitled to exemplary or punitive damages against the Defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

83. This action falls within one or more of the exceptions set forth in CPLR §1602.

84. Due to Defendants' assault, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST THE DEFENDANT THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT

85.  Plaintiffs repeats and realleges each and every allegation contained in the above paragraphs of the Complaint as if fully set forth at length herein.

86.  At all times herein mentioned, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT is, and was, a Public Agency organized and existing under the laws of the State of New York.

87.  At all times herein mentioned, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, is, and was, a Bi-State Agency organized and existing under the laws of the State of New York.

88.  At all times herein mentioned, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT is, and was, a Bi-State Agency organized and existing under the laws of a Bi-State Compact between the State of New York and the State of New Jersey.

89.  This Court has venue over this action pursuant to §7106 of the McKinney's Uncons. Laws of NY.

90.  Prior to the commencement of this action, a Notice of Claim in writing was served by Plaintiffs, ANNA B. REYES and SALLY B. REYES, presented a claim for injuries and property damage to Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT.

91.  More than sixty (60) days have elapsed since the service of the Notices of Claim and the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, has not adjusted and failed, neglected and/or refused to make payment for such claim.

92. More than one hundred and twenty (120) days have elapsed since the service of the Notices of Claim and the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, has failed, neglected and/or refused to notice Plaintiffs for a statutory hearing.

93. On or about December 5, 2020, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, their agents, servants and/or employees, acts caused Plaintiffs, ANNA B. REYES and SALLY B. REYES, to apprehend and/or fear unfriendly contact.

94. On or about December 5, 2020, a reasonable person in the same circumstances as Plaintiffs, ANNA B. REYES and SALLY B. REYES, would have apprehended and/or feared unfriendly contact.

95. On or about December 5, 2020, the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, their agents, servants and/or employees, assaulted Plaintiffs, ANNA B. REYES and SALLY B. REYES.

96. On or about December 5, 2020, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, their agents, servants and/or employees' acts were intended to make contact with Plaintiffs, ANNA B. REYES and SALLY B. REYES.

97. On or about December 5, 2020, Defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, their agents, servants and/or employees made contact with Plaintiffs, ANNA B. REYES and SALLY B. REYES.

98. On or about December 5, 2020, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, their agents, servants and/or employees, battered Plaintiffs, ANNA B. REYES and SALLY B. REYES.

99. On or about December 5, 2020, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, their agents, servants and/or employees, negligently and intentionally battered Plaintiffs, ANNA B. REYES and SALLY B. REYES.

100. Plaintiffs, ANNA B. REYES and SALLY B. REYES, thereby were caused to be seriously physically injured due to the negligent and intentional acts of the Defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, herein, on December 5, 2020.

101. Plaintiffs, ANNA B. REYES and SALLY B. REYES, were thereby caused to be seriously physically injured due to the negligent and intentional acts of the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, herein, on December 5, 2020.

102. That the aforesaid conduct on the part of the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, constituted a violation of the Plaintiffs, ANNA B. REYES and SALLY B. REYES, civil rights under 42 USC 1983 in that the Plaintiffs were deprived of her rights, privileges and immunities secured to her by the Constitution and laws of the U.S.A. and the New York State Constitution by one who under color of a statute or regulation of a state, caused the Plaintiffs to be so deprived.

103. That the aforesaid abuse of process on the Plaintiffs, ANNA B. REYES and SALLY B. REYES, by the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, and the subsequent false arrest and imprisonment of the Plaintiffs by the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, deprived the Plaintiffs of the constitutional right to bodily

INDEX NO. 158238/2021
RECEIVED NYSCEF: 09/03/2021

security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of the Plaintiffs under the Fourth Amendment to the United States Constitution.

104.    On or about December 5, 2020, and at all times herein mentioned, Defendant, herein, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, wrongfully and maliciously and with intent to injure Plaintiffs, prosecuted criminal actions against the Plaintiffs, ANNA B. REYES and SALLY B. REYES.

105.    By reason of the foregoing abuse of process Plaintiffs, ANNA B. REYES and SALLY B. REYES, were deprived of their liberty, suffered pain and distress of mind and body and sustained significant emotional pain and suffering and were compelled to employ an attorney.

106.    On or about December 5, 2020, the Plaintiffs ANNA B. REYES and SALLY B. REYES were wrongfully arrested and wrongfully imprisoned by the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT.

107.    On or about December 5, 2020, Plaintiffs ANNA B. REYES and SALLY B. REYES, were maliciously and without probable reason or cause, inculpated in criminal actions in which they did not participate, by the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT.

108.    On or about December 5, 2020, the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, maliciously instituted judicial proceedings without probable cause for doing so, which forced Plaintiffs ANNA B. REYES and SALLY B. REYES to expend money and retain an attorney for the scheduled Court hearings.

109.     The charges by the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT were lodged against the Plaintiffs ANNA B. REYES and SALLY B. REYES without probable cause or justification, and were designed to harass and intimidate the Plaintiffs, to cause the Plaintiffs to expend great sums of money for his defense, to embarrass the Plaintiffs in their community, and among his friends and relatives, employer, and co-employees, and to subject Plaintiffs to a possible term of imprisonment.

110.     The Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT conduct constituted malicious prosecution on the part of the Defendant against the Plaintiffs, and their malicious prosecution has caused the Plaintiffs to undergo extreme mental pain and anguish, humiliation, and damage to their reputation.

111.     By reason of the wrong arrest, Plaintiffs ANNA B. REYES and SALLY B. REYES, were deprived of their liberty and was subjected to scorn and ridicule.  Plaintiff suffered pain and distress of mind and body and sustained significant emotional pain and suffering.  Plaintiffs suffered shock and embarrassment.  Plaintiff were arrested, detained, fingerprinted, photographed, and were required to spend large sums of money to defend themselves against the prosecution in the New York State Criminal Court, and in the proceeding before the State.  Plaintiffs suffered losses and was degraded in the esteem of the community.

112.     That the Defendant THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT's conduct was willful, wanton, reckless, malicious and/or exhibited a gross indifference to, and a callous disregard for human life, safety and the rights of others, and more particularly, the rights, life and safety of Plaintiffs ANNA B. REYES and SALLY B. REYES as a result of the Defendants' malicious prosecution.

113. The above acts constituted reckless, wanton misconduct and were willfully and maliciously directed against the Plaintiffs, ANNA B. REYES and SALLY B. REYES.

114. On or about December 5, 2020, and at all times herein mentioned, Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, their agents, servants and/or employees, were malicious, negligent, careless and reckless in the investigation, arrest, charging, and prosecution of Plaintiffs, ANNA B. REYES and SALLY B. REYES; Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, their agents, servants and/or employees were malicious, negligent, careless and reckless in that Plaintiffs, ANNA B. REYES and SALLY B. REYES, were not guilty of the alleged crime, and at the time of their arrest, Plaintiffs, ANNA B. REYES and SALLY B. REYES, were good citizens and respected by their neighbors. The charges made by the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, their agents, servants and/or employees and the arrest and imprisonment were made and caused by the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, without any probable cause to suspect that Plaintiffs, ANNA B. REYES and SALLY B. REYES, of the alleged crime, and the arrests and detentions were malicious and unlawful. The Plaintiffs, ANNA B. REYES and SALLY B. REYES, were caused to be injured without culpable conduct on their part.

115. On or about December 5, 2020, and at all times herein mentioned, Defendants THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT intentionally and deliberately inflicted emotional distress on Plaintiffs, ANNA B. REYES and SALLY B. REYES by maliciously prosecuting plaintiff, or by abusing the lawful process by unlawful purpose, or by violating Plaintiffs' constitutional rights, or by falsely arresting and

imprisoning the plaintiff, by conspiring against Plaintiffs, or by interfering with Plaintiffs' state civil rights by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of the conduct.

116.    Defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

117.    The actions of the Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, were the cause of Plaintiffs' ANNA B. REYES and SALLY B. REYES, distress.

118.    The emotional distress sustained by Plaintiffs, ANNA B. REYES and SALLY B. REYES, was severe and of a nature that no reasonable man could be expected to endure. (Agis v. Howard Johnson Co., 371 Mass. 140, 145 (1976).

119.    As a result of the Defendants' THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, extreme and outrageous conduct, Plaintiffs, ANNA B. REYES and SALLY B. REYES, were/are with a high degree of likelihood, will continue to be emotionally distressed due to the intentional exclusion. ("Extreme and outrages conduct is not required if the emotional distress resulted from the commission of another tort." *American Velodur Metal, Inc. v. Schinabek.* 20 Mass.App.Ct. 460, 470-471 (1985).

120.    Defendant, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, is liable under the doctrine of *respondent superior.*

121.    Due to Defendants' THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, assault, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages.

122.    Due to Defendants' THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, negligence, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages in a sum which exceeds the jurisdictional limit of all lower

Courts which would otherwise have jurisdiction.

123. The Plaintiffs, ANNA B. REYES and SALLY B. REYES, because of the foregoing reckless and malicious actions, is entitled to exemplary or punitive damages against the Defendants, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

124. This action falls within one or more of the exceptions set forth in CPLR §1602.

125. Due to Defendants' assault, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST THE DEFENDANTS, THE CITY OF NEW YORK, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT

126. Plaintiffs repeats and realleges each and every allegation contained in the above paragraphs of the Complaint as if fully set forth at length herein.

127. Plaintiffs, ANNA B. REYES and SALLY B. REYES, were caused to be seriously physically injured due to the negligent and intentional acts of the Defendants, THE CITY OF NEW YORK, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, on December 5, 2020.

128. Due to Defendants', THE CITY OF NEW YORK, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, negligent and reckless actions, Plaintiffs, ANNA B. REYES and SALLY B. REYES are entitled to damages.

129. That as a result of the aforesaid occurrence, the Plaintiffs, ANNA B. REYES and SALLY B. REYES, were caused to and did sustain severe, serious and protracted injuries to

person and body.

130.    By reason of the foregoing, the Plaintiffs have been damaged in a sum that exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

131.    The Plaintiffs, ANNA B. REYES and SALLY B. REYES, because of the foregoing reckless and malicious actions, are entitled to exemplary or punitive damages against the Defendants, THE CITY OF NEW YORK, THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT, in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction.

132.    This action falls within one or more of the exceptions set forth in CPLR §1602.

133.    Due to Defendants' assault, Plaintiffs, ANNA B. REYES and SALLY B. REYES, are entitled to damages.

   **WHEREFORE**, the Plaintiffs, ANNA B. REYES and SALLY B. REYES, demands:

   a. Judgment awarding damages on the *first cause of action*, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

   b. Judgment awarding damages on the *second cause of action*, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

   c. Judgment awarding damages on *the third cause of action*, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction;

   d. Judgment awarding damages on the *fourth cause of action*, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction.

e. Interest, the costs and disbursements of this action, together with such other and further relief as to this Court seems just and proper.

**WHEREFORE**, the Plaintiffs, ANNA B. REYES and SALLY B. REYES, demand judgment awarding damages and punitive damages, in an amount exceeding the monetary jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with interest and the costs and disbursements of this action, and such other and further relief as to this Court seems just and proper

Dated: Great Neck, New York
     September 3, 2021

**By: Nissim Abaev, Esq.**
**ABAEV LAW FIRM, PLLC**
Attorneys for Plaintiffs
**ANNA B. REYES and SALLY B.**
**REYES**
1 Linden Place, Suite #405
Great Neck, New York 11021
(718) 207-7671

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

ANNA B. REYES and SALLY B. REYES,

                               INDEX NO.

           Plaintiffs,

       -against-                **ATTORNEY'S**
                                   **VERIFICATION**

THE CITY OF NEW YORK, THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY and THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY POLICE DEPARTMENT,

                Defendants.

---

     Nissim Abaev, an attorney duly admitted to practice law in the State of New York, makes
the following affirmation under the penalty of perjury:

     I am of the firm of **ABAEV LAW FIRM, PLLC**, the attorneys of record for the Plaintiff,

     I have read the foregoing Complaint and know the contents thereof; the same is true to my
own knowledge except as to the matters therein stated to be alleged on information and belief
and that as to those matters, I believe them to be true.

     This verification is made by affirmant and not by Plaintiffs, because they are not in the
County of Nassau, which is the County where your affirmant maintains offices.

     The grounds of affirmant's belief as to all matters not stated upon affirmant's knowledge
are correspondence had with the said Plaintiff, information contained in the said Plaintiff's file,
which is in affirmant's possession, and other pertinent data relating thereto.

Dated: Great Neck, New York
     September 3, 2021

                             _____
                              Nissim Abaev, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANNA B. REYES and SALLY B. REYES,

Plaintiffs,

-against-

THE CITY OF NEW YORK, THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY and THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY POLICE
DEPARTMENT,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## SUMMONS and VERIFIED COMPLAINT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts
of New York State, certifies that, upon information and belief and reasonable inquiry, the
contentions contained in the annexed documents are not frivolous.

Dated: Great Neck, New York
September 3, 2021

**By: Nissim Abaev, Esq.**
**ABAEV LAW FIRM, PLLC**
Attorneys for Plaintiffs
**ANNA B. REYES and SALLY B.**
**REYES**
1 Linden Place, Suite #405
Great Neck, New York 11021
(718) 207-7671

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** New York
------------------------------------------------------------------x
Anna B. Reyes and Sally B. Reyes

Plaintiff/Petitioner,

- against -                                         Index No.158238/2021

The City of New York, The Port Authority of New York and New
Jersey and The Port Authority of New York and New Jersey Police
Department

Defendant/Respondent.
------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 9/03/2021 _____

**Nissim Abaev, Esq** _____

Name
Abaev Law Firm, PLLC _____

Firm Name

1 Linden Place, Suite 405 _____

Great Neck, NY 11021 _____

Address

(718) 207-7671 _____

Phone

_____

E-Mail

To: defendants _____

_____

_____

2/24/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X
ANNA B. REYES and SALLY B. REYES

                                **AFFIDAVIT OF SERVICE**

                   Petitioner            **Index No. 158238/2021**

      - against -

THE CITY OF NE WYORK, THE PORT AUTHORITY OF NEW
YORK and NEW JERSEY and THE PORT AUTHORITY OF NEW
YORK AND NEW JERSEY POLICE DEPARTMENT

                        Respondents
--------------------------------------------------------------------X
State of New York, County of Kings:

     Igor Rudichenko, licensed process server DCA #1307355, being duly sworn deposes and
states that the following is true under the penalties of perjury,

     That I am over the age of eighteen and am not a party to this action and maintain my
offices at Bonafide Process Service, Inc., 194 Roma Avenue, Staten Island NY 10306,

     That on **September 21, 2021 at 10:42 AM,** Deponent served the within **SUMMONS,
VERIFIED COMPLAINT, NOTICE OF E-FILING** upon the following Defendants herein:

**CITY OF NEW YORK**
c/o CORPORATION COUNSEL
100 Church Street
New York, New York 10007

     the addresses designated by said Respondent for that purpose by personally delivering a
true copy of same to the address noted above and leaving it with "Beth Mazyck" (Docketing
Clerk), a person designated by said Defendant for receipt of process of service on its behalf. The
deponent describes the recipient as: *Female, Black, 50-65 years of age, 5'4"-5'7", over 200lbs,
gray hair, glasses.*

                                           Igor Rudichenko, DCA #1307355
                                          www.bonafideprocess.com

Sworn to before me September 23, 2021

MAYYA S. GOTLIB
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02GO6055361
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES FEBRUARY 26, 2023

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------------X
ANNA B. REYES and SALLY B. REYES

                                                      **AFFIDAVIT OF SERVICE**

                                                     **Index No. 158238/2021**

           - against -

PORT AUTHORITY OF NEW YORK AND NEW JERSEY
THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY
POLICE DEPARTMENT


-------------------------------------------------------------------------------X
State of New York, County of Kings:  s.s.:

       Igor Rudichenko,  licensed process server,  DCA Lic. # 1307355, being duly sworn deposes and states that the following is true under the penalties of perjury,

       That I am over the age of eighteen and am not a party to this action and maintain my offices at 1900 Quentin Road, Suite D20, Brooklyn NY 11229;

       That on **September 21, 2021** at  **9:27  AM**  deponent served the within **SUMMONS, VERIFIED COMPLAINT, NOTICE OF E-FILING** upon the following Defendant herein:

**PORT AUTHORITY OF NEW YORK**
**4 World Trade Center**
**150 Greenwich Street, 23rd Floor**
**New York New York 10007**


       the addresses designated by said Defendant for that purpose by personally delivering a true copy of same to the address noted above and leaving it with "Noel Stevenson' (Clerk', a person authorized by said Defendant for receipt of process of service on its behalf.  *The deponent describes the recipient as: Male, Black Skin, Bald, over 6 feet, over 200lbs, 30-45 years old.*

                                              IGOR RUDICHENKO, Lic No.  1307355

Sworn to before me this September 23, 2021
_____
MAYYA S. GOTLIB
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02GO6055361
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES FEBRUARY 26, 20123

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
ANNA B. REYES and SALLY B. REYES

                                                          AFFIDAVIT OF SERVICE

                                    Plaintiff            **Index No. 158238/2021**

              - against -

THE CITY OF NEW YORK, THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY and THE PORT AUTHORITY
OF NEW YORK AND NEW JERSEY POLICE DEPARTMENT

                          Defendants
-------------------------------------------------------------------------X
State of New York, County of Kings:    s.s.:

        Pinia Ashkinadze, being duly sworn deposes and states that the following is true under
the penalties of perjury,

        That I am over the age of eighteen and am not a party to this action and maintain my
offices at Bonafide Process Service Inc., 1900 Quentin Road, Suite D20, Brooklyn NY 11229;

        That on **October 1, 2021**, at **12:15 PM**   deponent served the within **SUMMONS,
VERIFIED COMPLAINT, NOTICE OF E-FILING** upon the following Defendant herein:

**THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY POLICE DEPARTMENT
2 MONTGOMERY STREET
JERSEY CITY NEW JERSEY 07310**

        the addresses designated by said Defendant  for that purpose by personally delivering a
true copy of same  to the address noted above and leaving it with "Nicholas Haderthauer", a
person authorized  by said Defendant for receipt of process of service on its behalf.   *The
deponent describes the recipient as: Male, White, Black Hair, 5'5"-5'8", 100-130lbs, 25-40
years old.*

                                    Pinia Ashkinadze
                                    www.bonafideprocess.com

Sworn to before me this October 3, 2021

_____
MAYYA S. GOTLIB
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02GO6055361
QUALIFIED IN KINGS COUNTY
COMMISSION EXPIRES FEBRUARY 26, 2023